STATE OF MAINE
PENOBSCOT, ss

SUPERIOR COURT
DOCKET No.

TERRY and KELLY VARNEY,
individually and
As Parents and Next Friend of R.V.

       Plaintiffs,

v.

DENISE RICHARDS, individually and in her
official capacity as an Educational Technician
employed by Regional School Unit # 67,

DENISE HAMLIN, individually as the former
Superintendent of Regional School Unit # 67,

And

KEITH LASER, in his official capacity as
successor to DENISE HAMLIN as the
Superintendent of Regional School Unit #67

       Defendants.

COMPLAINT AND
DEMAND FOR JURY TRIAL

---

## COUNT I

### VIOLATION OF FEDERAL CIVIL RIGHTS
#### UNDER 42 U.S.C. §1983

1) The Plaintiffs Terry and Kelly Varney bring this matter individually, and as parents and
   next friends of their minor daughter R.V. and reside at 46 Taylor Street, Lincoln, County
   of Penobscot, State of Maine.

2) The Defendant, Denise Richards, is an individual residing in Mattawamkeag, Maine who
   was, at all times relevant an educational technician employed by Regional School Unit
   #67 which includes Lincoln, County of Penobscot, State of Maine.

VarK 01 20130912 complaint

3) The Defendant, Denise Hamlin, is being sued in her individual capacity and was at all times relevant the Superintendent of Regional School Unit #67 which includes Lincoln, County of Penobscot, State of Maine.

4) The Defendant, Keith Laser, is being sued in his official capacity and is the successor to Denise Hamlin as the Superintendent of Regional School Unit #67 which includes Lincoln, County of Penobscot, State of Maine.

5) On October 29, 2012, R.V. was assigned by the Regional School Unit ("RSU") #67's bus driver of Bus #9 to sit in the front seat of the bus.

6) On October 29, 2012, R.V. was seven years old and weighed approximately 45 pounds.

7) While R.V. was riding RSU #67, Bus #9 on October 29, 2012, two boys who were R.V.'s seatmates began to bully and intimidate her.

8) On October 29, 2012, R.V. responded to the two boys who were bullying her and told them to leave her alone.

9) On October 29, 2012, the bus driver of RSU # 67, Bus #9 parked the bus at RSU #67's Junior High School to confront the boys bullying R.V. and told them to leave her alone.

10) On October 29, 2012, shortly after RSU #67, Bus #9 left the Junior High and resumed its route; R.V's two seatmates began to retaliate against R.V. and escalated their bullying of her.

11) On October 29, 2012, in response to her seatmates bullying, R.V. began to yell at the two boys to leave her alone.

12) On October 29, 2012, Ms. Denise Richards was working in her capacity as an Education Technician and was sitting a few seats behind R.V. on RSU #67, Bus #9.

13) On October 29, 2012, after R.V. responded to the escalated bulling Defendant Richards grabbed R.V. out of her seat and forcibly moved her to the seat directly across from where Ms. Richards had been sitting. Once there, Ms. Richards forcibly restrained, and physically and verbally assaulted R.V.

14) On October 29, 2012, RSU #67, Bus #9 was equipped with a security camera which was operational and which recorded Ms. Richards' actions.

15) On October 30, 2012, R.V.'s parents, Terry and Kelly Varney sought and received permission to view the RSU #67, Bus #9 security video of the assault.

16) On or about November 13, 2012, Kelly Varney requested a copy of the RSU #67's Bus #9's October 29, 2012 security video from the Superintendent Denise Hamlin.

17) On or about November 13, 2012, Superintendent Hamlin, in response to Ms. Varney's request for a copy of the RSU #67, Bus #9 security video of October 29, 2012, told Ms. Varney that " You'll [Ms. Varney] never see that tape, I'll bury it first." When Ms. Varney asked what Superintendent Hamlin meant, Superintendant responded, "Not only will you never have a copy of that tape, you'll never see it again."

18) RSU #67 had a written policy governing procedures on physical restraint of students on October 29, 2012.

19) Under RSU #67's written policy in force on October 29, 2012 governing procedures on physical restraint:

> "Physical restraint may be used only as an emergency intervention when the behavior of a student presents an imminent risk of injury or harm to the student or others, and only after other less intrusive interventions have failed or been deemed inappropriate."

20) Under RSU #67's written policy in force on October 29, 2012 governing procedures on physical restraint:

VarK 01 20130912 complaint

"Prohibited Forms and Uses of Physical Restraint
　　1. Physical restraint used for punitive purposes; as a therapeutic
　　or educational intervention; for staff convenience; or to control
　　challenging behavior."

21) Denise Richards' physical restrain of R.V. on October 29, 2012 was not an emergency

　　intervention.

22) R.V.'s behavior on October 29, 2012 in yelling at the boys who were bullying her did not

　　present an imminent risk of injury or harm to the student or others.

23) On October 29, 2012, Denise Richard did not consider or attempt a less intrusive

　　intervention before physically restraining R.V.

24) On October 29, 2012, Denise Richards' physical restraint of R.V. was for punitive

　　purposes.

25) On October 29, 2012, Denise Richards' physical restraint of R.V. was for staff

　　convenience.

26) On October 29, 2012, Denise Richards' physical restraint of R.V. was an attempt to

　　control what Ms. Richards considered challenging behavior.

27) At all times relevant Denise Richards was employed as an Education Technician for RSU

　　#67 and was acting under the color of state law.

28) Defendant Richards' actions in assaulting, verbally abusing, and physically restraining

　　R.V. in violation of established policy and procedure violated R.V.'s rights under the

　　U.S. Constitution to be free from physical force while compelled to attend school.

29) Defendant Richards' actions in disciplining Terry and Kelly Varney's daughter, in

　　violation of school policy, without their consent or permission violated their due process

　　rights guaranteed under the U.S. Constitution to raise their child without unwarranted

　　interference from the State.

VarK 01 20130912 complaint

30) As a direct and proximate result of Defendant Richards' actions R.V. has had to seek

treatment and continues to suffer severe emotional distress.

WHEREFORE, the Plaintiffs, individually and as parent and next friend of R.V. demand

judgment against the Defendants in such amount as is reasonable in the premises, plus interest,

costs, attorneys fees, and such other and further relief as this Court deems just and proper.

## COUNT II

### VIOLATION OF MAINE CIVIL RIGHTS ACT

31) The Plaintiffs repeats, reavers, and realleges each and every allegation contained in

paragraph one through twenty-nine as if expressly set forth herein.

32) At all times relevant the Defendants were acting under the color of state law.

33) The Defendants actions, including without limitation, assaulting R.V. while she was

compelled to attend school, and interfering in the parent-child relationship without due

process; all intentionally interfered by physical force or violence with R.V.'s enjoyment

of rights secured by the Constitution of the State of Maine and its Amendments.

WHEREFORE the Plaintiffs individually and as parents and next friend of R.V. demand

judgment against the Defendants in such amount as is reasonable in the premises, interest,

attorneys' fees, costs and such other and further relief as this Court deems just and proper.

## COUNT III

### FAILURE TO SUPERVISE AND TRAIN/
### MUNICIPAL LIABILITY
### 42 U.S.C. §1983

34) The Plaintiffs repeats, reavers, and realleges each and every allegation contained in

paragraph one through thirty-two as if expressly set forth herein.

35) On October 29, 2012, RSU # 67 had policies and procedures in place which limited school officials' physical restraint of students to certain circumstances.

36) At all times relevant Ms. Denise Hamlin was the Superintendent of RSU#67 charged with training all employees of RSU#67 on the school's policies and procedures including those on physical restraint.

37) As Superintendent of RSU #67, Denise Hamlin was responsible for supervising all RSU #678 staff to ensure that they complied with RSU #67 policies and procedures concerning the use of physical restraint.

38) Superintendent Hamlin failed to meet her duties by failing to properly train and supervise RSU #67 employees in the policies and procedures concerning the use of physical restraints.

39) Superintendent Hamlin's statement to Ms. Varney that she would bury the security video and that Ms. Varney would never see it again evidenced Ms. Hamlin's disregard of the school's policies and procedures and created an environment where employee's failure to comply with policy and procedure was endorsed by the administration.

40) Superintendent Hamlin's actions were in reckless disregard of R.V.'s civil rights guaranteed by the U.S. Constitution and its Amendments.

41) As a direct and proximate result of Superintendent Hamlin's actions R.V. was forcibly restrained and physically and verbally assaulted by an employee of RSU #67 and suffered severe emotional distress.

WHEREFORE,  Terry Varney and Kelly Varney individually and on behalf of R.V. demand judgment against the Defendants in such amount as is reasonable in the premises, plus

punitive damages, interest, costs, attorneys fees and such other and further relief as this Court

deems just and proper.

<u>COUNT IV</u>

FAILURE TO SUPERVISE/ TRAIN/
MUNICIPAL LIABILITY
MAINE CIVIL RIGHTS ACT

42) The Plaintiffs repeats, reavers, and realleges each and every allegation contained in

paragraph one through forty as if expressly set forth herein.

43) Ms. Hamlin's failure to train and supervise RSU #67 employees in RSU #67's policies

and procedures governing the use of physical restraint was the direct and proximate cause

of Denise Richards' use of force to deprive R.V. of her civil rights under the Maine

Constitution and its Amendments.

44) Superintendent Hamlin's actions were in reckless disregard of R.V.'s civil rights

guaranteed by the Maine Constitution and its Amendments.

45) As a direct and proximate result of Superintendent Hamlin's actions R.V. was forcibly

restrained and physically and verbally assaulted by an employee of RSU #67 and suffered

severe emotional distress.

WHEREFORE,  Terry Varney and Kelly Varney individually and on behalf of R.V.

demand judgment against the Defendants in such amount as is reasonable in the premises, plus

punitive damages, interest, costs, attorneys fees and such other and further relief as this Court

deems just and proper.

COUNT V

ASSAULT AND BATTERY

46) The Plaintiffs repeats, reavers, and realleges each and every allegation contained in

paragraph one through forty-four as if expressly set forth herein.

47) On April 4, 2013, Kelly and Terry Varney served a notice of Tort Claim on the

Superintendent of RSU #67 advising that Kelly and Terry Varney intended to bring

common-law tort actions against the RSU and its employees.

48) RSU #67 has failed to respond to the Notice of Tort Claims.

49) Denise Richards' action in forcibly restraining and physically and verbally assaulting

R.V. were an unauthorized touching and constitute a common law assault and battery.

50) As a direct and proximate result of Ms. Richards' actions R.V. has needed to seek

treatment and continues to suffer severe emotional distress.

51) Denise Richards' actions in assaulting and battering a forty-five pound, seven year old

child, who had just been bullied are so outrageous that they cannot be tolerated in a

civilized society and constitute implied malice.

WHEREFORE,  Terry Varney and Kelly Varney individually and on behalf of R.V.

demand judgment against the Defendants in such amount as is reasonable in the premises, plus

punitive damages, interest, costs, attorneys fees and such other and further relief as this Court

deems just and proper.

COUNT VI

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
v. DENISE RICHARDS

52) The Plaintiffs repeats, reavers, and realleges each and every allegation contained in

paragraph one through fifty as if expressly set forth herein.

VarK 01 20130912 complaint

53) Denise Richards engaged in intentional or reckless conduct when she physically restrained and physically and verbally assaulted R.V. on October 29, 2012 which conduct inflicted or was substantially certain to result in severe emotional distress to R.V.

54) Denise Richards conduct in physically restraining and physically and verbally assaulting a forty-five pound seven year old child they have just been bullied was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable.

55) As a direct and proximate result of Denise Richards conduct in physically restraining and physically and verbally assaulting R.V. on October 29, 2012, R.V. suffered severe emotional distress.

56) R.V.'s suffering was so severe that no reasonable person, let alone any reasonable seven year old could be expected to endure it.

57) Denise Richards' actions in assaulting and battering a forty-five pound, seven year old child, who had just been bullied are so outrageous that they cannot be tolerated in a civilized society and constitute implied malice.

WHEREFORE,  Terry Varney and Kelly Varney individually and on behalf of R.V. demand judgment against Denise Richards in such amount as is reasonable in the premises, plus punitive damages, interest, costs, attorneys fees and such other and further relief as this Court deems just and proper.

## COUNT VII

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### v. DENISE HAMLIN

58) The Plaintiffs repeats, reavers, and realleges each and every allegation contained in paragraph one through fifty-six as if expressly set forth herein.

VarK 01 20130912 complaint

59) Denise Hamlin engaged in intentional or reckless conduct when she threatened to destroy or hide evidence of harm to Terry and Kelly Varney's seven year old daughter which conduct inflicted, or was substantially certain to result in, severe emotional distress to Terry and Kelly Varney.

60) Denise Hamlin's threat to destroy or hide evidence of harm to Terry and Kelly Varney's seven-year-old child was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable.

61) As a direct and proximate result of Denise Hamlin's conduct in threatening to destroy or hide evidence of harm to Terry and Kelly Varney's seven-year-old child, Terry and Kelly Varney suffered severe emotional distress.

62) Terry and Kelly Varney's suffering was so severe that no reasonable person could be expected to endure it.

63) Denise Hamlin's conduct in threatening to destroy or hide evidence of harm to Terry and Kelly Varney's seven-year-old child was with actual malice or was so outrageous that it cannot be tolerated in a civilized society and constitutes implied malice.

WHEREFORE,  Terry Varney and Kelly Varney individually and on behalf of R.V. demand judgment against Denise Hamlin in such amount as is reasonable in the premises, plus punitive damages, interest, costs, attorneys fees and such other and further relief as this Court deems just and proper.

COUNT VIII

NEGLIGENT INFLICATON OF EMOTION DISTRESS
v. DENISE RICHARDS
(IN THE ALTERNATIVE)

64) The Plaintiffs repeats, reavers, and realleges each and every allegation contained in

paragraph one through sixty-two as if expressly set forth herein.

65) Denise Richards as an RSU #67 employee had a duty not to inflict emotional distress on a

seven-year-old child who was compelled, by Maine's Compulsory Education Law to

attend school.

66) Denise Richards breached that duty of care by physically restraining and physically and

verbally assaulting R.V. on October 29, 2012.

67) It was reasonable foreseeable that R.V. would suffer emotional distress as result of being

physically restrained, and physically and verbally assaulted by Denise Richard.

68) As a direct and proximate result of Denise Richards' breach of her duty of care, R.V. has

suffered and continues to suffer severe emotional distress.

WHEREFORE, the Plaintiffs Terry and Kelly Varney, as parents and next friends of R.V.

demand judgment against Denise Richards in such amount as is reasonable in the premises, plus

interest, costs, and such other and further relief as this Court deems just and proper.

COUNT IX

NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
v. DENISE HAMLIN
(IN THE ALTERNATIVE)

69) The Plaintiffs repeats, reavers, and realleges each and every allegation contained in

paragraph one through sixty-seven as if expressly set forth herein.

70) Denise Hamlin had a duty not to inflict emotional distress upon Terry and Kelly Varney.

VarK 01 20130912 complaint

71) Denise Hamlin breached that duty of care by, *inter alia*, threatening to destroy or hide evidence of harm to Kelly and Terry Varney's seven-year-old child.

72) It was reasonable foreseeable that Kelly and Terry Varney would suffer emotional distress as a result of Denise Hamlin's conduct in threatening to destroy or hide evidence of harm to Kelly and Terry Varney's seven-year-old child.

73) As a direct and proximate result of Denise Hamlin's breach of her duty of care, Kelly and Terry Varney have suffered and continue to suffer severe emotional distress.

WHEREFORE, the Plaintiffs Terry and Kelly Varney, as parents and next friends of R.V. demand judgment against Denise Hamlin in such amount as is reasonable in the premises, plus interest, costs, and such other and further relief as this Court deems just and proper.

The Plaintiffs demand a jury trial on all Counts of their Complaint.

By their Attorneys

Dated: September 29, 2014

Eric M. Mehnert
Bar No. 3724

Cynthia M. Mehnert
Bar No. 6809

Hawkes & Mehnert, LLP
PO Box 458
Orono, Maine 04473
Tel: 207.992.2602
Fax: 866.213.3945

VarK 01 20130912 complaint